Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Agerea Sanchez, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| Divinity Prophet and Associates, Clyde Cassel, individually and as Trustee of the Cassel Family Trust dated August 4, 2004, and Joletta D. Cassel, individually and as Trustee of the Cassel Family Trust dated August 4, 2004, | |
| Defendants. | |

Plaintiff Agerea Sanchez ("Plaintiff") alleges:

## <u>INTRODUCTION</u>

1.      Plaintiff brings this action against Defendants Divinity Prophet and Associates ("Divinity Prophet"), Clyde Cassel ("Clyde Cassel"), individually and as Trustee of the Cassel Family Trust dated August 4, 2004, and Joletta D. Cassel ("Joletta Cassel"), individually and as Trustee of the Cassel Family Trust dated August 4, 2004, (collectively "Defendants") for unlawfully and intentionally discriminating against Plaintiff because of Plaintiff's disability/handicap and denying Plaintiff equal access to the dwelling / housing accommodation ("Accommodation") located at 4822 West El Segundo Boulevard in Hawthorne, California, which Defendants own, operate, or otherwise control.

//

**PARTIES**

2.      Plaintiff is a natural person. At all times relevant to this Complaint, Plaintiff is and has been considered disabled and handicap.

3.      Defendants Clyde Cassel and Joletta Cassel own, by and through their trust, manage, and/or operate the Accommodation.

4.      Defendant Divinity Prophet manages and/or operates the Accommodation on behalf of Defendants Clyde Cassel and Joletta Cassel.

**THE ACCOMODATION**

5.      The Accommodation is understood to be a building, structure, or portion thereof, which is intended for occupancy as a residence by one or more families located at the commonly known address 4822 West El Segundo Boulevard in Hawthorne, California.

**JURISDICTION AND VENUE**

6.      The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343.

7.      Pursuant to supplemental jurisdiction, 28 U.S.C. § 1367, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under California state law.

8.      Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the Accommodation is within this judicial district and Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS**

9.      Plaintiff suffers from a disability and/or medical condition(s) that is/are a disability.

10.     Plaintiff suffers from PTSD, other mental disabilities, and physical ailments that manifest as a result of her mental disabilities. Plaintiff's symptoms limit, some substantially, Plaintiff's major life activities.

11.     Plaintiff utilizes an assistance animal to address the challenges resulting from and to alleviate the symptoms. Plaintiff deals with the symptoms on a daily basis.

12.     Plaintiff, now an adult, has been in foster care since she was four years old.

13.     Because of her status as a disabled person in the foster care system, Plaintiff receives certain benefits, including residential housing placements.

14.     Defendant Divinity Prophet arranged for Plaintiff to reside in the Cassels property in 2022.

15.     Starting in June of this year, staff at Divinity Prophet began harassing Plaintiff regarding her assistance animal.

16.     Divinity Prophet employees told Plaintiff that no animals of any kind whatsoever were allowed to live in the Accommodation.

17.     Plaintiff explained to those employees that her animal was not a pet, but an assistance animal necessary to accommodate her disabilities. Divinity Prophet did not care.

18.     Divinity Prophet employees told Plaintiff that she would be evicted from the Cassel's property if she did not remove her assistance animal. They also told Plaintiff that the presence of her assistance animal was jeopardizing the entire housing program at the Cassels' property, and that other foster program beneficiaries could become homeless if she did not remove her assistance animal.

19.     Under great duress, Plaintiff reluctantly removed her assistance animal from the property and delivered it to her parents who live in Bakersfield, California.

20.     Tragically, Plaintiff's assistance animal was attacked by another animal in Bakersfield and required veterinary treatment. This caused Plaintiff considerable distress. It would not have happened had Divinity Prophet and the Cassels not discriminated against Plaintiff and her disabilities.

21.     Plaintiff has been injured as result of Defendants' conduct, including, but not limited to, emotional distress, frustration, and embarrassment.

### **FIRST CAUSE OF ACTION**

Violations of the Fair Housing Act

42 U.S.C. §§ 3601 *et seq.*

All Defendants

22.     Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

23.     The Accommodation was and is a dwelling.

24. Plaintiff's animal was and is an assistance animal.

25. Plaintiff is handicapped.

26. Defendants rent and have rented out buildings or structures, or a portion thereof, occupied as or designed or intended for occupancy as a residence by one or more families.

27. Defendants discriminated against Plaintiff in the terms, conditions, and/or privileges in of the dwelling because of Plaintiff's handicap, including refusing to make reasonable accommodation in rules, policies, practices, and/or services when such accommodations are necessary to afford Plaintiff equal opportunity to use and enjoy a dwelling.

28. Defendants have discriminated against, or otherwise made unavailable or denied, a dwelling to Plaintiff because of Plaintiff's handicap and the use of an assistance animal.

29. Moreover, Defendants' actions constitute harassment.

30. Lastly, Defendants have failed to engage in an interactive process to discuss Plaintiff's disability-related need for accommodation and possible alternative accommodations.

31. Further, Defendants made a statement that indicated a preference, limitation, or discrimination, with respect to a rental dwelling, on a disallowed basis.

32. Plaintiff seeks actual damages, punitive damages, an injunction, reasonable attorney's fees and costs, including expert witness fees if applicable, and any other such relief the court deems appropriate.

## SECOND CAUSE OF ACTION

Violations of the California Fair Employment and Housing Act

Cal. Gov. Code §§ 12900 *et seq.*

All Defendants

33. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

34. The Accommodation was and is a housing accommodation.

35. Defendants Clyde Cassel and Joletta Cassel own buildings or structures, or a portion thereof, occupied as or designed or intended for occupancy as a residence by one or more families, which Defendant Divinity Prophet rents or manage and/or operates on behalf of Defendants Clyde

Cassel and Joletta Cassel.

36.    It is unlawful for Defendants to discriminate against Plaintiff because of Plaintiff's disability.

37.    Defendants intentionally discriminated against Plaintiff because of Plaintiff's disability.

38.    Defendants have harassed Plaintiff on the basis of her disabilities.

39.    Defendants have made unavailable or otherwise denied full and equal access to a dwelling to Plaintiff on the basis of her disabilities.

40.    Defendants' policy of denying persons with assistance animals full and equal access had a discriminatory effect against people with disabilities, such as Plaintiff.

41.    Moreover, Defendants' actions constitute harassment.

42.    Defendants have refused to provide a reasonable accommodation to Plaintiff.

43.    Further, Defendants made a statement that indicates a preference, limitation, or discrimination, with respect to a rental of a housing accommodation, on a disallowed basis: specifically, disability.

44.    Plaintiff has been injured as result of Defendants' conduct, including, but not limited to, emotional distress, difficulty, and embarrassment.

45.    Plaintiff seeks actual damages, punitive damages, an injunction, reasonable attorney's fees and costs, including expert witness fees if applicable, and any other such relief the court deems appropriate.

## THIRD CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

All Defendants

46.    Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

47.    The Accommodation is a business establishment.

48.    Defendants intentionally discriminated against Plaintiff because of Plaintiff's disability.

49.    Defendants' acts and omissions with regard to the discriminatory treatment of Plaintiff,

on the basis of Plaintiff's disabilities, have been in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied to Plaintiff's right to full and equal accommodations, advantages, facilities, privileges, or services in (a) business establishment(s).

50.     Plaintiff was harmed.

51.     Defendants' conduct was a substantial factor in causing Plaintiff's harm.

52.     As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof, and Plaintiff seeks the same.

53.     Plaintiff also seeks to enjoin Defendants from violating disabled persons' rights.

## **PRAYER**

Plaintiff hereby prays for the following:

1.     Injunctive relief compelling Defendants to cease discrimination against disabled persons and remove all accessibility policy barriers that relate to Plaintiff's disability;

2.     Damages including actual damages in an amount to be proven at trial, in no event less than $4,000, or the applicable minimum statutory damages, whichever is greater;

3.     Punitive damages;

4.     Attorney's fees pursuant to 42 U.S.C. § 3613, California Civil Code §§ 52, 54 California Government Code § 12965, Code of Civil Procedure § 1021.5 and/or other statute;

5.     Expenses;

6.     Costs of suit; and

7.     Other relief that the court deems appropriate.

Dated: October 27, 2022                                     Law Office of Rick Morin, PC

_____
By: Richard Morin
Attorney for Plaintiff